# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARHONDA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-766-D |
| | ) |
| PARK PLACE HEALTHCARE | ) |
| AND REHAB, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (*In Forma Pauperis* ("IFP")). (Doc. 2). United States Chief District Judge Timothy D. DeGiusti referred the motion to the undersigned Magistrate Judge consistent with 28 U.S.C. § 636(b)(1)(B), and (C). (Doc. 3).

The filing fee in civil cases is $405.00.[1] Under 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing district court order denying an IFP application for abuse of discretion); *Cabrera v. Horgas*, 1999 WL 241783, at *1 (10th Cir. 1999) ("The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the trial court."). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise."

---

[1] The total filing fee includes a base fee of $350.00 and an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

*White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). "[T]o succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).

Plaintiff states that she is employed by Integris Mental Health and that her take-home pay equals $1,100.00, paid every two weeks, and that she has $42.00 in a checking or savings account. (Doc. 2, at 1-2). Plaintiff also indicates that she received income in the past 12 months from Teal Ridge Assisted Living, but she does not indicate how much. (*Id*. at 1). Plaintiff reports that her regular monthly expenses include a "mortgage, 360 Alert, OG&E, car ins[urance], phone, utilities, and water," but she does not disclose the amount she pays toward these monthly bills. (*Id*. at 2). She also states that she is responsible for three dependents and owes money on school loans and credit card debt but again does not provide any monetary information regarding these responsibilities. (*Id.*)

Thus, on August 1, 2024, the undersigned ordered Plaintiff to "supplement her IFP Application by clearly reporting the amount of her income in the past 12 months, the amount she spends on her monthly bills and payments to creditors, as well as the monthly amount she contributes to support her dependents." (Doc. 4, at 2). Plaintiff was ordered to cure her Application "**on or before August 22, 2023.**" (*Id*.) To date, Plaintiff has not supplemented her Application with the required information.

"[T]he documentation Plaintiff has provided does not indicate an inability to pay the required filing fee." *Raynor v. Wentz*, 357 F. App'x 968, 969 (10th Cir. 2009) (citing

*Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).  Because she does not qualify for authorization to proceed without prepayment of the filing fee, Plaintiff's Application should be **denied**, and she should be required to pay the full filing fee for this action to proceed.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the court **DENY** Plaintiff's Application for Leave to Proceed IFP (Doc. 2).  The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 14 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to the refiling.  LCvR 3.3(e).

**Plaintiff is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by September 17, 2024,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection waives her right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

IT IS SO ORDERED this 27th day of August, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE